UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD LOSS,

        Petitioner,                              Hon. Richard Alan Enslen

v.                                                   Case No. 1:02-CV-676

MICHIGAN PAROLE BOARD, et al.,

        Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Loss' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the Court recommends that Loss' petition be **denied**.

## BACKGROUND

On June 29, 1991, eight-year-old R.S. attended the Pioneer Days celebration in Walkerville. (Trial Transcript, December 12, 1991, 19, 25, 44). Later that afternoon, R.S. encountered Petitioner, who was walking his dog. *Id.* at 26-28. Petitioner invited R.S. to pet the dog, but when R.S. bent over to pet the dog, Petitioner began rubbing R.S.'s buttocks. *Id.* at 26-28. R.S. became scared because he thought Petitioner "was going to go between my legs. . .because he was close to it." *Id.* at 28-29, 41-42. R.S. escaped from Petitioner and ran to his grandmother. *Id.* at 28-29, 45. When R.S.

reached his grandmother he was "terrified" and began hanging on to her "for dear life." *Id.* at 45-46. R.S. told his grandmother that a man had been "feeling of his butt." *Id.* at 52.

After being charged in this matter, Petitioner sent to R.S.'s grandmother, with whom R.S. was living, a document in which he claimed that on the date of the alleged incident R.S. and his cousin had been attempting to "masterbate" his dog and were "try[ing] to find some one to do [a] sexual act with." (Trial Transcript, December 12, 1991, 69, 87, 98; Dkt. #78, Appendix to Petitioner's Brief in the Michigan Court of Appeals). This document was submitted at Petitioner's trial as Prosecution Exhibit #4. (Trial Transcript, December 12, 1991, 69, 87, 98). Petitioner has also alleged that during his trial, the judge "accepted sexual butt rubs and other offers from [R.S.]." (Dkt. #47 at 4).

Following a bench trial, Petitioner was convicted of second degree criminal sexual conduct. *Id.* at 99-100. Petitioner was sentenced to 2-15 years in prison. (Trial Transcript, January 13, 1992, 7). Petitioner appealed his conviction to the Michigan Court of Appeals, asserting the following claims:

> I. Did the prosecutor of Oceana County clearly abuse his charging discretion in first charging the Defendant with the misdemeanor offenses of disorderly conduct in July 1991 but after Defendant-Appellant Howard Loss sued county police and officials in federal court concerning his arrest, dismissed the misdemeanor cases and then vindictively charged this Defendant with criminal sexual conduct second degree in September 1991, the Defendant being convicted of criminal sexual conduct at a subsequent bench trial?
>
> II. Were the elements of criminal sexual conduct, second degree met at a bench trial and did the prosecution meet the very basic burden of proof requirement in this cause?
>
> III. Was irrelevant, misleading, immaterial, inflammatory and prejudicial written evidence produced by the prosecutor

>   at trial which by its admission destroyed Defendant-Appellant Loss' chance for a fair trial?
>
> IV. In that Defendant-Appellant Howard Loss, a thirty-nine year old, was given a term of two (2) to fifteen (15) years for the offense of criminal sexual conduct, 2nd degree, does such sentence violate the sentencing rule of proportionality as found in *Milbourn*?

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Loss*, No. 148959, Opinion (Mich. Ct. App., May 24, 1994). Petitioner subsequently moved for leave to appeal this decision to the Michigan Supreme Court. Petitioner's request was rejected as untimely. (Dkt. #76).

Petitioner later filed in the trial court a post-conviction motion for relief which was denied on September 19, 1996. (Dkt. #77). Raising the following issues, Petitioner appealed this decision to the Michigan Court of Appeals:

> I. Howard Loss was falsely convicted of a two-handed butt rub to a child who claims he raped a dog first that was pushed away with two hands of said owner. This is a false claim R.S. was claiming he violated dog law 722.672 and was not sent to prison for his said part in causing a crime.
>
> II. Howard Loss was not at the said crime scene as proof in the letter from Attorney General that was withheld from the appeal court.

Petitioner's appeal was rejected for failure to file the documents necessary to properly vest jurisdiction in the Michigan Court of Appeals. *Id.* There is no evidence that Petitioner ever attempted to cure these deficiencies. Moreover, Petitioner did not appeal this determination to the Michigan Supreme Court. (Dkt. #75).

On September 19, 2002, Loss filed in this Court a petition for writ of habeas corpus. (Dkt. #1). This pleading was rejected, however, for various insufficiencies. (Dkt. #11). On October

28, 2002, Petitioner submitted an amended petition for writ of habeas corpus which was accepted for filing. (Dkt. #16-17). In his petition, Loss asserts the following claims:

> I. Illegal counsel during trial.
>
> II. Attorney failed to provide order for DNA from clothing of said complainant and attorney failed to raise the fact that Michigan law 750.520 *et seq.* is unconstitutional.
>
> III. That prosecutor Terry Shaw illegally worked in federal case 1:91-cv-576 and in the conviction of Howard Loss prosecutor Terry Shaw filed false documents to federal court in case 1:91-cv-576.
>
> IV. Michigan Court Rule 6.500 is unconstitutional because one cause of action cannot be removed from file nor get the same rights as in the first trial and many other reason.

## **STANDARD OF REVIEW**

Loss' petition, filed October 28, 2002, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases

but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie*, 326 F.3d at 727; *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

**I.        Exhaustion**

Before seeking habeas relief in the federal courts, Petitioner must first exhaust in the state courts those claims upon which habeas relief is sought. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). Exhaustion requires that Petitioner provide the "highest court in the state" a "full and fair opportunity" to pass upon his claim that his federal rights have been violated. *Rust v. Zent* 17 F.3d 155, 160 (6th Cir. 1994); *see also*, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (petitioners must "fairly present" their federal habeas claims to the state courts).

The record contains no evidence that Petitioner has properly exhausted any of the claims asserted in his petition for writ of habeas corpus. In fact, the record contains no evidence that Petitioner has presented *any* claim regarding his conviction to the Michigan Supreme Court. This failure notwithstanding, the Court shall nonetheless address the merits of the claims presented by Loss' petition. *See* 28 U.S.C. § 2254(B)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

**II.       Sixth Amendment Claim**

Petitioner asserts that under Michigan law it is illegal for an attorney that "works for the city who charges a person with crime to defend charge[d] person." (Dkt. #16). Petitioner claims that his trial counsel, James Prince, was at the time of his representation of Petitioner, "illegally working for trial court [of] Oceana County Circuit Court." (Dkt. #23). The Court has interpreted this claim as implicating Petitioner's Sixth Amendment right to counsel.

The right to counsel guaranteed by the Sixth Amendment is a "fundamental right" which has been interpreted as guaranteeing to criminal defendants the right to the *effective* assistance of counsel. *See Cuyler v. Sullivan*, 446 U.S. 335, 343-45 (1980). The right to the effective assistance of counsel includes the right to be represented by counsel who is loyal and not burdened by an impermissible conflict of interest. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (the Sixth Amendment imposes upon every criminal defense attorney a "duty of loyalty, a duty to avoid conflicts of interest").

Petitioner asserts that his right to the effective assistance of counsel was denied because he was represented by an attorney who was simultaneously working for the very court in which he was tried and convicted. Because Petitioner did not object at trial to his representation, he is entitled to relief only if he can establish that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler*, 446 U.S. at 348. Petitioner has presented absolutely no evidence to support his contention that his defense counsel was also employed by (or working for) the Oceana County District Court, the office of the prosecuting attorney, or any other individual or entity in any way connected with his prosecution. Petitioner has likewise failed to establish that his counsel's performance was in any way deficient or adversely affected.

After reviewing the record in this matter, the Court discerns no evidence supporting Petitioner's claim. Accordingly, the Court concludes that this claim presents no issue upon which habeas relief may be granted.

**III.**   **Ineffective Assistance of Counsel**

Petitioner asserts that he was denied the right to the effective assistance of counsel because his attorney failed to secure DNA evidence which would have allegedly established his innocence. Petitioner further asserts that his attorney was ineffective for failing to challenge the constitutionality of Mich. Comp. Laws § 750.520 *et seq.*

To establish that counsel's performance was constitutionally deficient, Petitioner must first establish that his counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, it must be demonstrated that counsel's actions were unreasonable under prevailing professional norms. *Id.* at 688. In making this determination, however, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

Second, Petitioner must further establish that counsel's performance was prejudicial in that it denied him a fair trial. *See Id.* at 687; *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993) (emphasis in original); *see also, West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

Petitioner's argument that his attorney rendered constitutionally deficient representation by failing to secure allegedly exculpatory DNA evidence is without merit. Petitioner was not charged with criminal sexual conduct based upon penetration (actual or attempted) or any other activity that

could reasonably be expected to produce bodily fluids (e.g., blood or semen) or any other material from which a DNA analysis could be performed. In sum, DNA was not a relevant issue in this matter and counsel was not ineffective for failing to secure or present evidence regarding such. *See Richards v. Million*, 76 Fed. Appx. 597, 600, 2003 WL 21801447 (6th Cir., Aug. 4, 2003) ("counsel is not required to raise frivolous defenses or arguments to avoid a charge of ineffective representation").

Petitioner's argument that counsel was ineffective for failing to challenge the constitutionality of Mich. Comp. Laws § "750.520 *et seq*" is likewise without merit. This particular chapter of the Michigan Penal Code regulates "sexual conduct." Petitioner has failed to identify any authority (or articulate any argument) supporting the proposition that the particular provision pursuant to which he was convicted, or any other section of this chapter of the Michigan Penal Code, is unconstitutional. Moreover, the Court has uncovered neither authority nor argument supporting Petitioner's position.

For the reasons articulated above, the Court concludes that Petitioner's claim that his trial counsel was ineffective is without merit and presents no issue upon which habeas relief may be granted.

### IV.     Prosecutorial Misconduct

Petitioner asserts that his conviction in this matter must be overturned because the prosecuting attorney "illegally" participated in a civil action which Petitioner filed in United States District Court. Petitioner further alleges that during such "illegal" participation, the prosecuting attorney submitted "false documents" to the United States District Court.

After being charged in this matter, Petitioner began filing a series of civil rights actions in the United States District Court for the Western District of Michigan, one of which was captioned

*Loss v. Ward, et al.*, case no. 1:91-cv-576 (W.D. Mich.). In this action, Petitioner sued Greg Ward, the police officer who investigated Petitioner's criminal assault of R.S., and the Oceana County Sheriff's Department. The prosecuting attorney in this matter, Terry Shaw, represented the Oceana County Sheriff's Department in United States District Court.

Petitioner has presented neither evidence nor authority supporting the proposition that Mr. Shaw's representation of the Oceana County Sheriff's Department in this civil matter was illegal or otherwise improper. Neither does there exist evidence that Mr. Shaw's representation in any way denied Petitioner of the right to a fair trial. In sum, this claim is without merit and presents no issue upon which habeas relief may be granted. *See Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1355 (6th Cir. 1993) (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)) (to prevail on a claim of prosecutorial misconduct the petitioner must establish that the prosecutor's conduct was "so egregious so as to render the entire trial fundamentally unfair").

### V.        **Michigan Court Rule 6.500**

Finally, Petitioner asserts that Michigan Court Rule 6.500 is unconstitutional. This claims fails for several reasons. Petitioner has presented neither authority nor argument supporting this claim. Moreover, Michigan Court Rule 6.500 concerns the availability of *post-conviction* relief in the Michigan courts. Thus, even if this particular rule were unconstitutional, the Court fails to discern how such would call into question the constitutionality of Petitioner's *conviction*. Accordingly, this claim presents no issue upon which habeas relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the Court recommends that Loss' petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 14, 2005         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge