UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HOWARD LOSS,

      Petitioner,

Case No. 1:02-CV-676

v.

Hon. Richard Alan Enslen

MICHIGAN PAROLE BOARD,
*et al.*,

      Respondents.

**FINAL ORDER**

_____/

      This matter is before the Court on Petitioner Howard Loss' Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 14, 2005. Under 28 U.S.C. § 636, the Court reviews the Report, the Objection and pertinent parts of the record *de novo*.

      Upon such review, the Court finds that the Objection should be denied and the Report adopted. Petitioner was found guilty in state court of second degree criminal sexual criminal. The incident involved Petitioner's sexual assault of a boy (rubbing the boy's buttocks for sexual gratification) on June 29, 1991 at the Pioneer Days celebration in Walkerville, Michigan. Petitioner raised four issues in his Petition, which were fully and adequately discussed in the Report. Petitioner's Objection concerns those four arguments and some additional matters which are not pertinent to the issues raised in his Petition. Most of the pertinent arguments in the Objection were adequately answered in the Report, which the Court adopts here by reference.

      One pertinent argument not previously discussed is Petitioner's contention that the Magistrate Judge erred by citing to legal precedent decided after his conviction. (Obj., ¶ 5.) This argument is premised on a legal misunderstanding. Courts are permitted to use recent precedent to decide habeas

and criminal cases, including precedent decided after the offense and conviction. *See Rogers v. Tennessee*, 532 U.S. 451, 457-58 (U.S. 2001). The only exception–which is seldom used and not applicable herein–is that "[i]f a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." *Bouie v. City of Columbia,* 378 U.S. 347, 354 (1964) (internal citation omitted). Thus, the case law was properly applied to Petitioner.

Petitioner's Objection also contains a modification or clarification of ground 2 of his Petition –that his attorney was ineffective for not obtaining exonerating DNA testing. The Magistrate Judge rejected this argument on the basis that no testable bodily fluids were available for testing (and the crime did not involve penetration or a deposit of semen). Petitioner's Objection argues that "fingerprints" were available for DNA testing. (Obj., ¶ 9.) This Objection does not reference any record evidence nor any newly discovered evidence to this effect, nor is it supported by any expert opinion that "fingerprints" may be the subject of DNA testing.[1] As such, it is denied.

Petitioner's other arguments in his Objection either concern issues not raised in his Petition (and therefore not cognizable[2]) or were sufficiently addressed in the Report. Therefore, relief will be denied as to all issues asserted.

---

[1] Official governmental documents relating to DNA testing limit its use to samples involving hairs, blood or bodily fluids. *See, e.g.,* Nat'l Comm'n on the Future of DNA Evidence, *Postconviction DNA Testing: Recommendations for Handling Requests*, at 21-22 (Nat'l Inst. of Justice, Sept. 1999).

[2] According to the United States Supreme Court, habeas corpus petitions are subject to heightened pleading requirements and each habeas petition must set forth the grounds for the petition, including a specific statement of the grounds raised. *See Mayle v. Felix*, 125 S. Ct. 2562, 2570 (U.S. 2005); Rule 2(c) of Rules Governing Section 2254 Cases in the United States District Courts. These newly asserted matters were not raised in the Petition, nor does the argument in the Objection make a sufficient factual showing to satisfy Rule 2(c)'s requirements.

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability to Defendant as to each of the issues asserted. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the motion is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the four issues raised, the Court determines that this standard is not met as to any of the four issues. Given the absence of even an arguable factual basis to assert a viable constitutional claim, a certificate is unwarranted.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Howard Loss' Objection (Dkt. No. 85) is **DENIED**, the Report and Recommendation (Dkt. No. 84) is **ADOPTED**, the Petition (Dkt. No. 16) is **DISMISSED WITH PREJUDICE**, and a Certificate of Appealability is **DENIED** as to all issues asserted.

DATED in Kalamazoo, MI:  
    August 22, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE